OPINION *Page 2 
{¶ 1} Appellant Billy J. Watson appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which affirmed the decision of the Licking County Sheriffs office to deny his application for a license to carry a concealed handgun. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE LICKING COUNTY COURT OF COMMON PLEAS ERRED BY FAILING TO GRANT APPELLANT'S MOTION FOR DEFAULT JUDGMENT.
 {¶ 3} "II. THE APPELLEE'S DECISION IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND IS NOT IN ACCORDANCE WITH THE LAW."
 I II {¶ 4} Appellant's assignments of error will be discussed together. Pursuant to R.C. 2923.125, an applicant for a license to carry a concealed weapon must submit an application form, a non-refundable license fee, and various supporting documents.
 {¶ 5} R.C. 311.41 provides upon receipt of an application for a license to carry a concealed handgun, the Sheriff must conduct a criminal records check and an incompetency check of the applicant. Within 45 days, the sheriff must issue the applicant a license to carry a concealed handgun if all the conditions set forth in the statute are satisfied. Those conditions are listed in R.C. 2923.125 (D)(1). The pertinent conditions are:
 {¶ 6} "(d) The applicant is not under indictment for or otherwise charged with a felony; an offense under Chapter 2925., 3719., or 4729. of the Revised Code that involves the illegal possession, use, sale, administration, or distribution of or trafficking *Page 3 
in a drug of abuse; a misdemeanor offense of violence; or a violation of section 2903.14 or 2923.1211 of the Revised Code.
 {¶ 7} "(e) The applicant has not been convicted of or pleaded guilty to a felony or an offense under Chapter 2925., 3719., or 4729. of the Revised Code that involves the illegal possession, use, sale, administration, or distribution of or trafficking in a drug of abuse; * * *"
 {¶ 8} If the Sheriff denies an application because the applicant does not satisfy the criteria described in R.C.2923.125 (D), then the Sheriff must specify the grounds for the denial in a written notice to the applicant. The statute provides the applicant may appeal the denial pursuant to R.C. 119.12. In addition, if the denial was the result of the criminal records check, the applicant may challenge the results of the record check pursuant to R.C. 2923.127.
 {¶ 9} R.C. 119.12 provides any party who is adversely affected by an order of an agency issued pursuant to an adjudication denying the issuance of a license may appeal from the order of the agency to the court of common pleas. The trial court reviews the order, and if it is not supported by reliable, probative, and substantial evidence, the trial court may reverse, vacate, or modify the order, and make any other rulings in accord with law.
 {¶ 10 } Here, appellant applied for a license to carry a concealed handgun on August 16, 2005. One of the questions on the application form was "(8) Are you under indictment for a felony, have you ever been convicted of or pleaded guilty to a felony, or have you ever been adjudicated a delinquent child for committing an act that would be a felony if committed by an adult?" Appellant answered this question, yes. *Page 4 
 {¶ 11} By signing the application, the appellant authorized the Sheriff or the Sheriffs designee to inspect records and documents relevant to information required by the application. Appellant also confirmed the information contained in the application and all attached documents are true and correct to the best of his knowledge.
 {¶ 12} On August 23, 2005, the Licking County Sheriffs Department issued a notice of denial, finding appellant was disqualified because the criminal records check indicated a felony conviction in Case No. CR17131-S (1998). The notice also advised appellant he had the right to challenge the results of the criminal records check pursuant to RC.2923.127.
 {¶ 13} Appellant appealed the matter to the Court of Common Pleas pursuant to R.C. 119.12, but did not file an appeal challenging the results of the record check pursuant to R.C. 2923.127.
 {¶ 14} R.C. 119.12 requires the agency to prepare and certify to the court a complete record of the proceedings in the case within thirty days of the notice of appeal. Failure of the agency to comply within the time allowed results in a default judgment in favor of the appellant. Appellant moved for default judgment when the Sheriff did not file a record with the Court of Common Pleas. The trial court overruled the motion for default judgment, and appellant appealed the matter to this court.
 {¶ 15} This court dismissed the initial appeal for lack of jurisdiction and remanded the matter to the trial court. The Sheriff then filed the record with a motion requesting the record be sealed. Thereafter, the trial court dismissed the appeal without addressing appellant's argument he was entitled to a default judgment pursuant to R.C. 119.12. *Page 5 
 {¶ 16} Appellant argues the record was untimely filed, and does not support the Sheriffs decision with reliable, probative, or substantial evidence. The records submitted do not include copies of the record check conducted pursuant to R.C. 311.41.
 {¶ 17} Records kept relative to the issuance, renewal, suspension, or revocation of a license to carry a concealed handgun are confidential, not public records. Those records may not be released without a court order. Appellant did not ask the court to order the release of the record until May 17, 2006. Thereafter, the Sheriff filed the sealed records on June 1, 2006.
 {¶ 18} We find the Sheriff was not under any obligation to file the confidential concealed handgun license records until the court ordered him to do so.
 {¶ 19} Appellant also argues the records the Sheriff produced do not contain reliable, probative, and substantial evidence supporting the Sheriffs decision, because they do not demonstrate appellant is ineligible for a license to carry a concealed weapon.
 {¶ 20} Appellant argues R.C. 2923.125 (D)(1)(e) provides he is disqualified only if he has been convicted or pled guilty to an offense under R.C.2925, 3719, or 4729 relating to drug abuse. This is an incorrect reading of the statute. The statute disqualifies anyone who has been convicted of a felony, or of any offense, whether felony or misdemeanor, involving drug abuse.
 {¶ 21} Appellant has never argued he was not convicted of a felony.
 {¶ 22} Civ. R. 55 (A) provides a party is entitled to a default judgment if the party against whom the relief is sought has failed to plead or otherwise defend. However, the rule also provides a court may not grant a default judgment against the State, a political *Page 6 
subdivision, or an officer in his represented capacity or agency unless the claimant establishes his claim or right to relief.
 {¶ 23} On its face appellant's application establishes he has not met the threshold requirements for a license to carry a concealed weapon.
 {¶ 24} Accordingly, we find the trial court did not err in overruling appellant's motion for default judgment, and correctly found the Sheriff's decision to deny his application for a license to carry a concealed handgun was supported by the record.
 {¶ 25} Both assignments of error are overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Wise, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1